Bullard, J.
This action grew out of the one just decided of English et al. v. Wall et al. It was commenced by an injunction to stay proceedings on a writ offieri facias, issued on the judgment rendered in that case. The injunction was obtained upon the allegation, that, in the case of English and another against the petitioners, an execution had issued and was in the hands of the Sheriff, and that he had levied it upon their property ; that the judgment on which said execution is founded, is entirely void, the suit in which it had been rendered having been dismissed on the 19th of May, 1843, by judgment of non-suit, duly entered and signed, from which judgment of nonsuit no appeal was ever taken ; nor was the suit in any way reinstated on the docket of the court; yet, that on the 23d of November, 1843, the Judge signed a judgment against the petitioners for about $2000, and upon this judgment the execution has issued. That the suit having been dismissed by judgment of nonsuit, they took no further notice of it, and did not know of the judgment of November, 1843, until a long time after its rendition, so that they did not receive notice of judgment in time to take a suspensive, but that they have taken a devolutive appeal, which is now pending. They pray for an injunction, and that the judgment may be annulled, and for general relief.
The last ground for the injunction may be laid entirely out of view, because if. in point of fact, there was no notice of judgment as required at that time, the defendants were still entitled to a suspen-sive appeal; and we must presume that it would have been granted, and the writ of fieri facias quashed, upon the filing of a bond, as required for a suspensive appeal. This was not attempted, and the defendants contented themselves with taking a devolutive appeal only. They cannot now complain that they were entitled to one of a suspensive character, when that has not been refused them.
It only remains to inquire whether the final judgment ren *137 dered, was a nullity, because a nonsuit had been given at a previous term, and signed by the Judge.
The whole record in the original case was given in evidence in this ; and it clearly appears, that the judgment of nonsuit first rendered, was set aside before it was signed, and that a new trial was granted contradictorily with the attorney appointed by the court to defend the absentees, and that he assisted on the new trial upon which the final judgment was rendered. The counsel appointed by the court to defend the absentees testified, on the trial of this case, that he had knowledge that the judgment of nonsuit was signed at the May term, 1843; that it is to his knowledge that a judgment of nonsuit had been rendered at a previous term, and afterwards a new trial granted, and that at the May term, 1843, he represented the defendants on the new trial. This evidence was, we think, properly admitted, to show that the judgment of nonsuit which had been rendered and set aside at one term, as it appears by the record, was inadvertently signed by another judge at a subsequent term-of the court.
The judgment of nonsuit which had been set aside on motion, in presence of the defendants’ counsel, was a nullity, which was not reinstated by the subsequent inadvertent signature of the Judge, who, as it appears by the record, presided at the new trial, and himself signed* the final judgment which it is the object of *138 this suit to annul. In the case in 6 La. 69, referred to by the counsel for the appellant, we recognize the principle, that a judgment once signed, becomes the property of the party in whose favor it has been rendered j but that presupposes a case where such judgment had not been set aside, and a new trial granted Avithin the time prescribed by the Code. The record shows that such Avas the case here, and the judgment of nonsuit was evidently signed after it had ceased to have any legal existence.

Judgment affirmed.

*

 This is a mistake — the judgment was rendered by him, but signed at a subsequent term by another judge. The record shows, that on the 3d of December, 1842, a judgment of nonsuit as to the whole claim was entered on the minutes of the court, and on the same day a motion for a new trial made, and allowed. This judgment was not signed, nor does the record show the name of the judge who then presided. In the argument of one of the counsel it is stated that Willson, X, presided. The record shows that, on the 10th May, 1843, Willson, X, presiding, evidence was taken in writing, and that on the same day a judgment was entered on the minutes in favor of the plaintiffs for $1611, with interest and costs, and a judgment of nonsuit against them for the rest of their claim, but not signed. At the same term, on the 19th of May, 1843, the judgment of nonsuit as to the whole claim was signed'by Willson, X, evidently through error. At the next term, on the 23d of November, 1843, the judgment entered on the minutes, on the 10th of May preceding, by Willson, X, in favor of the plaintiffs, for $1611, &e., was signed by Gurry, J. — Repouteh.

 Thomas, for the appellants, priayed for a re-hearing in this case, and in that of English and others v. Wall and others, supra, p. 132, contending that the judg. ment in favor of the original plaintiffs, pronounced and entered on the minutes by Willson, X, at the May term, 1843, and signed by Curry, X, at the ensuing No. vember term, should be annulled, because it was not signed' by the Judge who pronounced it, nor at the same term of the court, citing Code of Pract. arts. 546, 586,. 603. Const. La. art. 4, s. 12. Bullard & Curry’s Digest, 358. 2 Mart. 136. 7 Mart. 520. 3 Mart. N. S. 165. 2 Robinson, 324. 8 Mart. N. S. 234. 12 Mart. 358.

Re-hearing refused.