[No. 2,473.]

# JOHN MATHEWS v. GEORGE B. KINSELL.

DAMAGES DONE TO LAND BY OVERFLOW OF WATER.—A party is not liable for damages done to another's land, by an overflow of water from his own land, if the overflow is caused by a heavy fall of rain, increased by the additional momentum given to the water before it reaches the defendant's land by ditches dug by a third person.

FINDINGS BY THE COURT.—Findings by the Court should be mere statements of the ultimate facts in controversy, and the legal consequences from the facts. They should not include probative facts, or the reasons given by the Judge for his decision.

REVERSAL OF JUDGMENT ON FINDINGS.—The mere fact that express findings do not support the judgment does not authorize a reversal of the judgment. The findings must be inconsistent with the judgment, or it will be allowed to stand.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The defendant recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*N. Hamilton*, for Appellant.

The defendant had no right to relieve his own lands at the expense of the plaintiff's, either by the diversion of a running·stream from its natural channel or bed, or to divert the watershed from the foothills from their accustomed flowage in finding an outlet to the bay. (*Townsend* v. *Mc-Donald*, 2 Kernan, 391; *Miller* v. *Laubach*, 47 Penn. R. 154; *Casebur* v. *Mowry*, 55 Penn. R. 419, 423; *Pixley* v. *Clark*, 35 N. Y. R. 520; *Tillotson* v. *Smith*, 32 N. H. R. 90; Angell on Water Courses, Sec. 108 *d*.)

*Stephen G. Nye* and *A. M. Crane*, for Respondent.

The findings do not show that the defendant relieved his own land at the expense of the plaintiff. Even admitting that he did, we contend that a land owner has the right to

relieve his own land of surface water, although it might thereby flood his neighbor. (Angell on Water Courses, 6 ed. 122.) The facts found do not show in plaintiff an affirmative right to recover. They are not inconsistent with the judgment. (*James* v. *Williams,* 31 Cal. 211; *Lucas* v. *San Francisco,* 28 Cal. 591; *Tewksbury* v. *Magraff,* 33 Cal. 237.)

By the Court, TEMPLE, J.:

There having been no motion for a new trial, the only question involved in this appeal is whether the judgment can be sustained upon the findings, express or implied.

The action is to recover damages for an alleged diversion of water by the defendant, by which the lands of plaintiff were flooded, and one hundred acres washed to such an extent as to be rendered valueless.

The findings show that the parties occupy contiguous tracts of land in Alameda County; that the waters which fall upon the neighboring hills ordinarily collect upon the defendant's land, and were usually contained there in a natural basin, but, after heavy rains, have been accustomed to overflow and disperse themselves over the plaintiff's lands. The usual flow of the waters, when the natural basin was full, was over the plaintiff's land, along a channel or depression extending to the marsh or bay.

Prior to the injury complained of, a person occupying a farm higher than the defendant's land, and from which the water flowed upon the land of defendant, had dug several ditches, which had the effect of increasing the momentum of the water in the channels in times of heavy floods to such an extent as to flow down into the basin already mentioned in twelve hours as much water as formerly flowed in a week. A ditch had been constructed by the defendant, which di-

verted the water flowing from the natural basin through another channel to the bay.

After a heavy rain in the Spring of 1869, the water over-flowed from this basin ·and over the banks of the ditch dug by the defendant upon the lands of the plaintiff, doing the damage to recover which this suit is brought. The waters of a certain creek called Yoakum Creek also overflowed the lands· of plaintiff at the same time, contributing to the injury.

There is no finding to the effect that the overflow was caused by the ditch dug by the defendant, or any fact which tends to prove that the acts of the defendant contributed thereto. On the contrary, they clearly show that the Judge who tried the case was of the opinion that the overflow was the necessary result of a heavy fall of rain, increased by the additional momentum given to the waters by ditches dug by a person who is not a party to this suit.

The findings are not such as were intended by the Practice Act. They should be mere statements of the ultimate facts in controversy, and the legal consequences from the facts admitted and proven. In this case they are but a state-ment of the case, including probative as well as ultimate facts, with the reasons given by the Judge for his decision. They sufficiently show, however, that in the opinion of the Judge the injury was not caused by the act of the defendant. The mere fact, however, that the express findings do not sup-port the judgment has been frequently held not to be suffi-cient to authorize a reversal. They must be inconsistent with the judgment, or it will be allowed to stand.

Judgment affirmed.

Mr. Justice Crockett did not express an opinion.