CHUMASERO, appellant, *v.* VIAL, respondent.

PRACTICE—*judgment affirmed if findings are not inconsistent with it.* This action was tried by the court without a jury, and an appeal was taken from the judgment. There was no motion for a new trial, and the appellant did not request any findings upon the issues, nor move to correct the findings by the court. A judgment was entered in conformity with the findings. *Held,* that this court cannot examine any question of fact in the case, and that the judgment must be affirmed, because the findings are not inconsistent with the judgment.

JUDICIAL SALES — *title of a purchaser.* C. was the purchaser at a sale of mineral land by the sheriff under an execution against V. The court found that V. was holding the legal title in trust for T. at the time of the sale, but that V. had no interest when this action was commenced. *Held,* that the rule of *caveat emptor* applies to sales under execution, and that C. had no title to the property.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was tried by WADE, C. J., without a jury.

CHUMASERO & CHADWICK and W. F. SANDERS, *pro se,* for appellants.

The appellants were *bona fide* purchasers without notice of any outstanding equities between Turner and Vial. The secret trust between these persons cannot affect appellants, who in law and equity are entitled to protection against it. Perry on Trusts, § 218; *Prevo* v. *Walters,* 4 Scam. 35; *Moore* v. *Hunter,* 1 Gilm. 317; *Martin* v. *Dryden,* id. 187.

A purchaser in good faith is one who has advanced the consideration of the purchase, or a creditor, who applies the pur-

chase-money in payment of his debt, or one who buys at an execution sale to satisfy a debt. A creditor, who satisfies an execution to the extent of his bid, is a *bona fide* purchaser. *Jackson* v. *Town*, 4 Cow. 605; *Ray* v. *Birdseye*, 5 Denio, 625; Herman on Execution, §§ 328, 338; *Hunter* v. *Watson*, 12 Cal. 363; *Wood* v. *Chapin*, 13 N. Y. 509; *Ayers* v. *Duprey*, 27 Tex. 593; *Evans* v. *McGlasson*, 18 Iowa, 150; *Miller* v. *Finley*, 26 Mich. 249; *Wood* v. *Moorehouse*, 1 Lans. 412.

The title of a purchaser at an execution sale relates back to the date of the judgment. Such a purchaser is treated as if he had bought at the same date from defendant in the execution. *McClure* v. *Englehardt*, 17 Ill. 47; *Reichert* v. *McClure*, 23 id. 516; *Robinson* v. *Rowan*, 2 Scam. 501.

A purchaser at a sale under a judgment is protected from claims of third persons, of which he had no notice, the same as a purchaser at a private or voluntary sale. *Leeds* v. *Marine I. Co.*, 2 Wheat. 380; *Gilner* v. *Poindexter*, 10 How. 257; *Goepp* v. *Gartiser*, 35 Penn. St. 130; *Paine* v. *Moorland*, 15 Ohio, 435; *Butterfield* v. *Walsh*, 36 Iowa, 534.

Purchasers at execution sales are to the same extent as other purchasers entitled to the benefit of statutes requiring instruments affecting the title to real estate to be recorded. *Waldo* v. *Russell*, 5 Mo. 387; *Scribner* v. *Lockwood*, 9 Ohio, 184; *Stewart* v. *Freeman*, 22 Penn. St. 120.

Where one claims under an unrecorded deed, he must prove actual notice, to entitle him to recover. *Curtis* v. *Mundy*, 3 Metc. 406; *Lawrence* v. *Stratton*, 6 Cush. 163; *Sibley* v. *Leffingwell*, 8 Allen, 584.

Our statute provides that conveyances, or agreements to convey real estate, to operate as notice, shall be recorded. Cod. Sts. 400, §§ 23, 25.

E. W. & J. K. TOOLE, for respondent.

There was no motion for a new trial, and the facts cannot be reviewed on this appeal.

Under our statute, the purchaser acquires no greater title than the judgment debtor had at the time of the levy and purchase.

If the judgment debtor had no beneficial interest in the property that would pass by the sale, the statute defines his remedy and rights. Cod. Sts. 87, § 279; 89, § 286; Harston's Pr., § 708 and notes; *Cross* v. *Zane*, 47 Cal. 603. In the absence of the statute the rule is the same.

BLAKE, J. The appellants bring this action in the nature of ejectment to recover the possession of certain mineral land. The complaint alleges that the title of the appellants is based upon their purchase of the property at a sale thereof by the sheriff of Jefferson county, Montana Territory, by virtue of an execution issued in favor of C. K. Peck and against J. A. Vial. No question arises respecting the validity of the judgment obtained by Peck against Vial, and the proceedings under the execution. Vial and D. C. Turner, two of the respondents, stated in their answers that Turner owned the property at the time when the officer levied upon and sold it.

The case has been brought before this court by an appeal from the judgment of the court below. No motion for a new trial has been made. A jury was waived at the trial and the findings of the facts and conclusions of law appear in the transcript. The court found that Turner was the legal owner of a part of the land and the equitable owner of a part thereof, the legal title to which was in Vial; that Turner furnished the money and purchased the same through Vial, who held a part thereof, at the time of the sale under said execution, in trust for Turner; that, at the commencement of this action, Vial had no interest in the property; and that Turner was entitled to the proceeds and possession of the same. A judgment was entered in conformity with these findings.

The appellants maintain that they are *bona fide* purchasers of the property without notice of any equities or trust between Vial and Turner, and that unrecorded deeds from Vial to Turner, of which the appellants had no notice, could not affect their title. Can the appellants be heard upon these propositions? This action was commenced June 19, 1877, and must be governed by the Civil Practice Act, approved January 12, 1872. The appel-

lants did not request a finding in writing upon any issue of fact at the trial, nor move to correct the findings. The questions for our consideration are determined without difficulty. The argument of the appellants is based upon the assumption of certain facts, which have not been found by the court, and maintains that the findings are against the evidence, and that the evidence is insufficient to justify the same. This court cannot review the testimony and make proper findings. *Barkley* v. *Tieleke*, 2 Mon. 435. Questions of fact cannot be examined if there is no appeal from an order granting or refusing a motion for a new trial. *Allport* v. *Kelley*, 2 Mon. 343.

This appeal has been taken from the judgment alone, and the only questions before us relate to the conclusions of law which must be drawn from the facts. *Gates* v. *Salmon*, 46 Cal. 361. On an appeal from the judgment-roll, the judgment will not be reversed if the findings do not support it. The judgment will be allowed to stand unless there is an absolute inconsistency between the express findings and the judgment. *Mathews* v. *Kinsell*, 41 Cal. 512; *Thompson* v. *O'Neil*, id. 683. The application of these principles is decisive of the case at bar. The findings are not inconsistent with the judgment.

If we assume that the main legal question, which has been discussed by counsel, is properly before us, we are unable to find any error in the judgment. The Civil Practice Act declares, in relation to sales by the sheriff under an execution, that "upon a sale of real property the purchaser shall be substituted to and acquire all the right, title and interest and claim of the judgment debtor therein." § 279.

If Vial had no interest in the property in controversy at the date of the levy of the execution in favor of Peck, the sheriff could not sell and convey any estate to the appellants. The rule of *caveat emptor* applies to execution sales, and the officer "is not bound to convey with a warranty, neither does the law imply one." Rorer on Jud. Sales, 29, and cases there cited. The rights of Turner were not prejudiced by the proceedings under the execution against Vial.

*Judgment affirmed.*