[No. 5,883.—Department Two.]

## PORTER *v.* WOODWARD ET AL.

| 57 | 535 |
| 77 | 218 |
| 57 | 535 |
| 92 | 623 |

FINDINGS—CONSTRUCTION OF STATUTE.—Under § 635 of the Code of Civil Procedure as it originally stood, it was competent for the Court to disregard the findings prepared by the parties under a direction from the Court, and to prepare findings itself.

ID.—EJECTMENT—POSSESSION—VAN NESS ORDINANCE.—In an action of ejectment for lands within the operation of the Van Ness Ordinance, the Court found that neither the plaintiff nor any person under whom he claims title ever were in the possession of the lands. *Held,* that the finding was sufficient without going more particularly into the matters claimed to constitute possession. *Query:* whether such would be the case where the plaintiff requests findings on the particular points material to the issue of possession, and excepts to the refusal to find upon them.

ID.—ID.—STATUTE OF LIMITATIONS.—In an action of ejectment, if the findings show that the plaintiff never had any title, a failure to find upon the defense of the Statute of Limitations is immaterial.

EJECTMENT—EVIDENCE—POSSESSION.—In an action of ejectment, where the title was possessory, the plaintiff offered in evidence a deed between third parties conveying a tract of land adjoining the land in suit, and stated that he proposed to show that the persons in occupation of the land so conveyed were in privity with the plaintiff, and that the improvements and occupancy there were made by tenants in common with the plaintiff. *Held,* that the deed was properly excluded.

APPEAL from a judgment for the defendants, and an order denying a new trial, in the Nineteenth District Court, City and County of San Francisco.   WHEELER, J.

After the decision, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*B. S. Brooks,* for Appellant.

The findings do not state the facts constituting possession, but involves them all in a legal conclusion.   (*Polhemus* v. *Carpenter,* 42 Cal. 375; *Figg* v. *Mayo,* 39 id. 262; *Cruess* v. *Fessler,* id. 336; *Merrill* v. *Chapman,* 34 id. 251; *Tewksbury* v. *Magraff,* 33 id. 248; *Breeze* v. *Doyle,* 19 id. 102; *Hidden* v. *Jordan,* 28 id. 301; *Jones* v. *Block,* 30 id. 227.)

*S. M. Wilson,* for Woodward, and certain other Respondents.

The defendants showed title under the Van Ness Ordinance. On the 1st of January, 1855, the defendants or their grantors were in the actual possession of the premises.

*M. Lynch,* for McAtee, and certain other Respondents.

*Alfred A. Pardow,* for Barry, and certain other Respondents.

THORNTON, J.:

This action was ejectment brought to recover a parcel of land situate within that portion of the city and county of San Francisco affected by the Van Ness Ordinance. Judgment passed for the defendants. The plaintiff moved for a new trial, which was denied, and he appealed from the order above mentioned.

The cause was tried by the Court, who made the following decision, by means of findings of fact and conclusion of law:

"1. That neither the plaintiff herein, nor his nor any or either of his ancestors, predecessors, or grantors, or of those under whom he claims, ever were in, or had or were entitled to, the possession of any part of the land described in his complaint, which is described in the answers of the defendants against whom the action was tried, or of which said defendants were in possession when the action was commenced.

"2. That neither the plaintiff, nor any or either of his ancestors, predecessors, or grantors, or of those under whom he claims, ever had any estate, right, title, or interest in or to any part of the land described in said complaint, described in the separate answers of said defendants, or of which said defendants or either of them were in possession when this action was commenced.

"3. That, at the time this action was commenced, the said defendants were of right in possession of the parcels of land described in their respective answers; and that said defendants, their ancestors, predecessors, and grantors, and those under whom they claimed, had been in the actual, peaceable, open, notorious, and uninterrupted possession and occupation of said lands, holding and claiming to hold the same adversely to plaintiff, his ancestors, predecessors, and those under whom he claimed, and to all the world, for more than seventeen years next before the commencement of this action, having entered thereon under claim of title exclusive of any other right, found-

ing such claim upon instruments in writing purporting to convey said land and the title thereto to them respectively.

. "And as to the conclusion of law from the facts found, I find that plaintiff should take nothing herein against said defendants, and that said defendants herein are entitled to have and receive of plaintiff their costs therein expended, and order judgment to be entered accordingly."

It appears from the bill of exceptions that, on the 28th of August, 1874, the Court announced its decision, and directed the counsel for both parties to draw findings, that " thereupon the plaintiff's counsel prepared findings and presented them to the judge for his signature, and asked the judge to sign the same, and the counsel for the defendants also presented findings, and requested the judge to sign the same; and both were submitted to the judge on the 16th day of September, 1874, and taken under advisement. Afterwards, on the 8th day of January, 1875, the judge signed the findings which are on file, and refused to sign the findings, or any of them, requested by the plaintiff, to which signing and refusal to sign the plaintiff, by his counsel, then and there excepted."

At the time that this cause was tried, submitted, and decided in the Court below, § 635 of the Code of Civil Procedure, as it originally stood in that Code, was in force. (It was repealed in 1876.) That section was in these words:

" At the time the cause is submitted, the judge may direct either or both of the parties to prepare findings of facts, unless they have been waived; and when so directed, the party must within two days prepare and serve upon his adversary and submit to the judge said findings, and may within two days thereafter briefly suggest in writing to the judge why he desires findings upon the points included within the findings prepared by himself, or why he objects to findings upon the points included within the findings prepared by his adversary. The judge may adopt, modify, or reject the findings so submitted. If, at the time of the submission of the cause, the judge does not direct the preparation of findings, or if none are prepared or submitted within the time prescribed, or those prepared are rejected, then he must himself prepare the findings."

It is apparent from the section above quoted that the judge is not obliged to adopt and sign the findings prepared by either party, though he may direct them to be prepared. He " may adopt, modify, or reject " them, though thus prepared and submitted. He is thus at liberty to reject all findings prepared and submitted under his direction, and himself prepare the findings in the cause.

The facts at last must be found by the Court. The Court is charged with the duty and responsibility of finding them. In *Miller* v. *Steen,* 30 Cal. 402, it was held that a party requiring a finding upon a particular point should specify the point, without dictating the terms of the finding. This must be so, inasmuch as it is the duty of the Court to find the fact. The right of the party does not extend beyond specifying or suggesting the point on which a finding is required. (*Hidden* v. *Jordan,* 28 Cal. 301.) The judgment in *Tewskbury* v. *Magraff,* 33 Cal. 248, on this point accords with what was held in *Miller v. Steen.* Inasmuch as the Court or judge had the right to reject the findings prepared and submitted by counsel, and prepare the findings in the case, the exception under consideration is not, in our opinion, well taken.

It will be observed that the exception is to the refusal of the judge to sign the findings, or any of them, which the plaintiff requested him to sign, and not to any refusal to find on any matter requested. We do not see how, under any state of things, this could be error, inasmuch as it is the right and duty of the judge or Court to determine what the findings should be.

The Court found, as a fact, that neither the plaintiff, nor his nor any or either of his predecessors or grantors, or of those under whom he claims, ever were in or had possession of any part of the land described in his complaint, which is described in the answer of the defendants against whom the action was tried, or of which said defendants were in possession when the action was commenced.

The land in controversy was in that portion of the city and county of San Francisco affected by the provisions of the Van Ness Ordinance. The title to such land was derived from actual possession during a period of time commencing on or before the 1st day of January, 1855, and continuing up to the time that

the ordinance aforesaid was introduced into the common council, which was a day not later than the 20th of June, 1855. The Court, as has been above stated, found, as a fact, that neither the plaintiff, nor any person under whom he claims title, ever were in or had possession of any of the lands in controversy. This was a finding of a fact from which it followed as a conclusion of law that the plaintiff never had any title. The finding of such fact was sufficient, without going more particularly into any of the matters which were claimed to constitute possession. Whether a party was possessed or not has always been regarded as a matter of fact. It was always averred in this way as a fact in the declarations in the common-law actions of detinue and trover, as well as in the declaration in the action of ejectment. See declaration in *detinue*, 2; *Chitty's Pl.* 594; in *trover*, id. 835; in *ejectment*, id. 879, 880. This is a common and usual mode of alleging possession with us. We regard such a finding as a finding of fact, and not as a conclusion of law.

It may be that if the plaintiff had requested the Court to find on particular points which were material on the issue of possession or not, and the Court had refused, we might, on exception to such ruling, have held that it was obligatory on the Court to have found on such points as asked. But no such request was made, and in the absence of such requests, in our judgment, we must hold that the finding as to possession in the mode adopted of making it, negatived each particular fact tending to show possession, and was as specific as was required. It came fully within the criterion suggested by plaintiff's counsel, as laid down in *Breeze* v. *Doyle*, 19 Cal. 102, that of a special verdict, which we think is a proper test to which to subject such findings. The finding as to possession in this case came up to the rule. (See *Hihn* v. *Peck*, 30 Cal. 286.)

This finding in relation to the possession of the plaintiff justified the conclusion of law that the plaintiff never had any title to the land in controversy, and sustained the judgment rendered in favor of defendants.

Having found the facts from which it appeared that plaintiff never had any title to the land sued for, it was immaterial whether the facts found show that a defense was made out by adverse possession under the Statute of Limitations or not. If

the plaintiff had no title when the action was commenced, he could not recover against the defendants, regardless of the length of time they had been in possession. The defense of the Statute of Limitations thus became immaterial, and it was not error even if the Court failed to find all the facts involved in such defense.

The findings were also assailed on the ground that the evidence was insufficient to sustain them. That the evidence in relation to these matters was conflicting on material points was admitted on the argument. We found it to be so on perusing the transcript. Such being the case, we cannot disturb the decision of the Court on that ground. This has been so often decided that it is unnecessary to cite any authorities sustaining the rule.

On the trial, after the defendants had rested, the plaintiff offered in rebuttal a deed from Samuel Brannan to Albert Wardwell dated July 16th, 1853, which embraced the land in controversy. The following then occurred:

"Mr. Wilson [who was of counsel for defendants]—I object to the introduction of that deed in evidence, as irrelevant.

"Mr. Brooks [for plaintiff]—I propose to show that the persons in occupation there were in privity with us; that the improvements and occupation upon the land in the garden tract there were made by our tenants in common.

"The Court sustained the objection."

To this ruling there was an exception on behalf of plaintiff. The objection was to the deed, and we cannot see that the deed of itself was admissible for any purpose. If it was offered as a part of a chain of title, in connection with which he (plaintiff) intended to show that the defendants were his tenants in common, then the offer only related to the garden tract, and it does not clearly appear from the transcript that the garden tract was at all in controversy; on the contrary, we understand that it was conceded on the argument that what was known as and called the garden tract was not in controversy at all in this action. In this point of view, in our judgment, there was no error in the ruling excluding the deed, offered as it was in rebuttal.

There are several other matters alleged as error. We have

examined all of them, and find nothing in them which would warrant a reversal of the order appealed from. It is accordingly affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.

[NOTE.—After the foregoing decision was rendered, the Court made the following order:]

The COURT:

The Court desires to add to the paragraph of the opinion in the above cause commencing with the words, "The Court found as a fact," etc., the following: The right to recover in this case is rested entirely on a prior possession. No other species of title was offered or admitted in evidence as the foundation of plaintiff's right to recover. The transcript purports to embody all the testimony.