[No. 8602.  In Bank. — February 19, 1886.]

## M. MURPHY, APPELLANT, *v.* EDWARD BENNETT, RESPONDENT.

FINDINGS — MATERIAL ISSUES — IMMATERIAL ERROR. — The findings should cover all the material issues in a case, but a judgment will not be reversed for want of a finding upon a particular issue, where it is apparent that the omission in no way prejudiced the appellant.

ID. — CONVERSION OF BUILDING — OWNERSHIP — AFFIRMATIVE DEFENSE. — The action was brought to recover damages for tearing down a barn and converting the materials thereof. The complaint averred that the plaintiff was the owner of the barn at the time of the alleged conversion. The answer denied the ownership of the plaintiff, and set up two affirmative defenses in justification of the taking. The court found that the plaintiff was not, and that the defendant was, the owner of the building,' but omitted to find on the affirmative defenses. *Held,* that the finding on the issue of ownership was sufficient, and that the failure to find on the affirmative defenses did not prejudice the plaintiff.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion.

*W. E. Turner*, for Appellant.

*Wright & Hazen*, for Respondent.

BELCHER, C. C. — This is an appeal by the plaintiff from a judgment in favor of the defendant, and it comes here on the judgment roll. The only question presented is as to the sufficiency of the findings.

The action was commenced to recover damages from the defendant for tearing down a barn, and converting the materials thereof to his own use.

The complaint alleged that the plaintiff was the owner of the barn, and in the lawful and peaceable possession of the land on which it was situated, and that on or about the ninth day of October, 1880, the defendant, without right or authority, and against the will of the plaintiff, willfully and maliciously tore down the said building, and removed the whole of it from the premises where it stood, and converted the same to his own use.

The answer denied that the plaintiff was at the times named in the complaint, or at any time, the owner of the barn, or in possession of the premises on which it was situated, and then set up two affirmative defenses.

The court found that the plaintiff was at the times mentioned in his complaint in the lawful and peaceful possession of the half-section of land on which the barn was alleged to have been situated, and then,—

"That the plaintiff was not the owner of the frame building situate on the tract of land described in his complaint at the time the same was torn down and removed by the defendant.

"That the defendant was the owner of said building at the time he tore the same down and removed it."

There was no finding upon the affirmative matters set up in the answer.

It is insisted for the appellant that the findings above quoted are not findings of fact, but conclusions of law, and that for want of findings upon the affirmative matters the judgment must be reversed.

Findings should be statements of the ultimate facts in controversy, and not of probative facts, or mere conclusions of law. (*Mathews* v. *Kinsell*, 41 Cal. 514; *Pico* v. *Cuyas*, 47 Cal. 174.)

Findings of probative facts are sometimes held sufficient, but only when the ultimate fact necessarily results from the probative facts. (*Downing* v. *Graves*, 55 Cal. 544; *Biddel* v. *Brizzolara*, 56 Cal. 381.)

The facts should be found, and not mere conclusions of law stated.

But a finding "that the plaintiff did not own the several tracts of land described in the several answers of defendants, but that the defendants owned the same in severalty, as set forth in their answers," has been held sufficient to support the judgment in an action of ejectment. (*Smith* v. *Acker*, 52 Cal. 217.)

So a finding that the defendant "has a good and perfect title to said property" has been held sufficient. (*Frazier* v. *Crowell*, 52 Cal. 399.)

So a finding "that the plaintiff was the owner and in possession of the property on the day that the defendant seized upon it, and removed it from her possession, custody, and control," has been held sufficient in an action to recover damages for the conversion of personal property. (*Haley* v. *Nunan*, 11 Pac. C. L. J. 523.)

There should be findings upon all the material issues in the case, but a judgment will not be reversed for want of a finding on a particular issue, where it is apparent that the failure to find on that issue is in no way prejudicial to the appellant. (*Porter* v. *Woodward*, 57 Cal. 535; *McCourtney* v. *Fortune*, 57 Cal. 617; *People* v. *Center*, 66 Cal. 551.)

Here the allegation in the complaint is that the plaintiff "was the owner of a certain frame building, situate," etc.

The answer denied that the plaintiff was the owner of the building. Whether the plaintiff did own the building or not was; then, the ultimate fact to be determined, and upon the issue thus raised, the court found against the plaintiff.

We think it clear that the findings referred to are findings of fact, and not conclusions of law

This being so, we are unable to see how the plaintiff is prejudiced by the failure of the court to find upon the affirmative defenses set up in the answer, as, if the plaintiff was not the owner of the building, it is of no moment whether the defendant justified his taking of it, or not.

In support of his position that he was entitled to findings upon the affirmative defenses, counsel for appellant cites *Billings* v. *Everett*, 52 Cal. 661. But that case is not in point. There the defendant set up an affirmative defense, and without any finding upon it, judgment was given in favor of plaintiff. This court held, in effect, that if the facts set up in the answer were true, they constituted a defense to the action, and that no judgment could properly be rendered in favor of plaintiff until there was a finding as to whether they were or were not true.

The judgment, we think, should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

THORNTON, J., dissenting.—I dissent. The finding that plaintiff was not the owner of a building, but that the defendant was, is neither a finding of an ultimate nor probative fact, but a general verdict reached by ap-

plication of rules of law to the facts found. Whether A is the owner of certain property is a mixed question of law and fact. Such an issue, when contested, can only be determined after a trial in which evidence is introduced and the law applied to the facts found. When tried before a jury, they should be, and usually are, instructed as to the rules of law to be applied to the facts which they find to exist. The court usually instructs the jury as to every phase which the case may assume upon the evidence before them, and are, or should be, told the rules of law which should govern them in their deliberations, and be applied to the facts as they find them to exist. Facts, then, as it was said by Justice Black, are "the raw material of verdicts." Verdicts are elaborated from them. A general verdict is synthetic,—a compound of law and fact. The special verdict is analytic. It finds the facts, and submits the law to the court. Such a verdict concludes by a statement that as they (the jury) are ignorant of the law, they find the facts as set forth in the verdict, and submit the questions of law arising on them to the court, and if the court should be of opinion that, on the facts found, the law is for the plain-. tiff, they find for the plaintiff, and if for defendant, they so find. (Stephen on Pleading, *91; Abbott's Law Dict., tit. Verdict.) The naked facts, as Blackstone styles them (3 Bla. Com. 377), are alone found, from which every element of law is eliminated. These facts are the ultimate facts; and are the facts separated from the law on which the rights of the parties are to be determined. The jury did this,—refrained from finding the law,—that they might escape an attaint for a false verdict. (See *Emeric* v. *Alvarado*, 64 Cal. 603–605.)

How can it then be said that a finding that A is the owner of property is a finding of a fact, when this can only be determined in the case of a contest, after hearing all the evidence, determining which facts exist, and applying to them the rules which the law furnishes for the admeas-

urement of the rights of the parties? The facts must be so found that the appellate court may see that they warrant the conclusion of law reached and the judgment entered; that the judicial mind may perceive that the rules of law, on being applied to the facts found, lead to the conclusion of law and judgment arrived at.

The mind of the court is not called on to act at all when the finding is that the plaintiff is not the owner of the property sued for, but that the defendant is. If this is a proper finding of the facts, the duty of the court becomes wholly that of a servant bound to obey, and must enter judgment as on a general verdict. In fact, the verdict is a general one. A general verdict is one which the jury finds in the terms of the issue. (Abbott's Law Dict., tit. Verdict.) Here the finding is in such words. Coke, illustrating this point, says: "There be two kindes of verdicts, viz., one generall, and another at large or especiall. As in an assize of *novel disseisin*, brought by A against B, the plaintife makes his plaint, *Quod B disseisivit cum de 20 acris terræ cum pertinentiis;* the tenant pleades, *Quod ipse nullam injuriam seu disseisinam præfato A indefecit,* etc. The recognitors of the assize doe finde, *Quod prædict A injuste & sine judicio disseisivit prædict B de prædict 20 acris terræ cum pertinent,* etc. This is a general verdict." (2 Co. Lit. 226 b.) If the finding by the jury that "the aforesaid A unjustly and without judgment [right] disseised the aforesaid B from the aforesaid twenty acres, with their appurtenances," is a general verdict, why is not a finding that "the plaintiff is the owner of the thing sued for" a general verdict? (*Stephens* v. *Westwood*, 25 Ala. 716; *Chedotoner* v. *Dominguez*, 7 Mart. 521; *Gonzalez* v. *Leon*, 31 Cal. 98; *Mendelsohn* v. *Anaheim etc. Co.*, 40 Cal. 657; *Downing* v. *Bourlick*, 21 Mo. 149; *Allison* v. *Darton*, 24 Mo. 343; *Bailey* v. *Wilson*, 29 Mo. 21; *Foster* v. *Jackson*, Hob. 52–56.) I can perceive no difference. The one verdict, as the other, is compounded of law and fact, and the facts are not sepa-

rated from the law, as is the case in a special verdict; and the court, on such verdict, has no discretion in entering judgment. The judgment must follow the verdict.

Now, the court in the case under consideration was bound to found the facts separately from its conclusions of law. Such is the statute. (Code Civ. Proc., sec. 638.) This is done for the reason indicated above,—that a court may examine the facts found, and see that they justify the conclusions of law and judgment pronounced on them.

The statute is intended *inter alia* to furnish a criterion or test by which to determine whether the court below has applied the law correctly to the facts found. In the case of the finding here, the court has nothing to which to apply this test. If the finding is a proper one, the court below has conclusively determined it, and this court is furnished with nothing by which it can determine whether the proper rules of law have been applied or not. The record as to the *data* on which to determine such question is an utter blank. This court must determine blindly whether the court below has ruled correctly or not. By adopting the findings as correct, the parties are deprived of a safeguard which the law intended to supply to them, viz., such a setting forth of facts in the findings that the appellate tribunal may see by looking at the facts found that the court below did not err in its legal conclusions. On what does the judgment of this court operate, in examining a finding which says that the plaintiff is not the owner of a certain house, and the defendant is the owner? There is clearly nothing in such a finding for the judicial mind to take hold of.

Nor is such a finding a probative fact. A probative fact is a fact which proves or tends to prove something. It is an evidential fact. What is to be proved when it is said A is the owner or B is not the owner? The result has been reached, and no evidence is required.

This court may have the right under the constitution

as an appellate tribunal to infer one fact from another in a special verdict, or a finding of facts, where the result is determined by a fixed and certain rule of law. Otherwise, when it infers one fact from another fact, it is exercising original jurisdiction, and assuming a power which has not been conferred on it. This it is always bound to avoid.

I cannot agree that the facts are properly found herein, and in my opinion, the judgment should be reversed, and the cause remanded for a new trial.

*Porter* v. *Woodward*, 57 Cal. 538, is in line with everything said above. Possessed or not possessed is a naked fact. There is no question of law mixed with it. This was so held in *Porter* v. *Woodward*. The court held that plaintiff and those from whom he derived his right, who claimed under the Van Ness ordinance, never had any possession of the land in suit. If they never had a possession, as a title under the ordinance could only arise on a possession, they never had a title.

It was then determined that inasmuch as plaintiff never had any title, it was unnecessary to find on the defense of the statute of limitations set up by defendant. It then became immaterial. If plaintiff had no title to recover on, how was he injured by a failure to find on a defense set up by his adversary? It was in reference to this view that the court said that it was not error, "even if the court failed to find all the facts involved in such defense." If there was no finding at all on this issue, it was not error. *A fortiori* it was not error if a part only of the facts was found.

*Smith* v. *Acker*, 52 Cal. 219, is very imperfectly reported. The report says that the court found the ultimate facts in issue, which were filed July 24, 1876. The court then found the additional facts mentioned. These additional facts were *probative facts*, going through with the deraignment of title from the time the ranch was granted by the Mexican government in 1844 to Stephen Smith, the father of the plaintiff.

If a party's chain of title, the grant, and the conveyances under which he claims are not ultimate facts, it is impossible to state what are such facts. The highest authority states the mode of finding facts in a special verdict is to find the documents according to their substance, or *in hæc verba.* (Sec. 10, Bac. Abr., tit. Verdict, p. 314; Vaughan, 77; Cro. Eliz. 575; 2 W. Saund. 77 c; 8 Barn. & C. 141.) A deed may be a medium of proof, but it is a fact,—an ultimate fact also. Questions of law may arise on it, and when this is the case it is eminently proper to insert it *in totidem verbis* in the findings, that it may go into the judgment roll for consideration by a court of error. It would have been better if the reporter had inserted the findings in the report, or a specimen of them at least, that it might have been seen whether the facts found were such as should go into a special verdict, or finding of facts by a court. See special verdicts in the following cases, where the documents constituting title are found inserted as above stated: *Dartmouth College* v. *Woodward,* 4 Wheat. 518; *Taylor ex dem. Atkins* v. *Horde,* 1 Burr. 60; S. C., 2 Smith's Lead. Cas. 478.

That the finding of facts by a court is in substance a special verdict, see *Garfield* v. *K. F. & T. M. W. Co.,* 17 Cal. 512; *Breeze* v. *Doyle,* 19 Cal. 101; *Jones* v. *Block,* 30 Cal. 229; *Insurance Co.* v. *Folsom,* 18 Wall. 249; *Van Slyke* v. *Hyatt,* 46 N. Y. 262; *Meacham* v. *Burke,* 54 N. Y. 218.

Conclusions of law are sometimes allowed to be pleaded as in the common counts in debt. These counts have been sustained here. (See Gould's Pl., c. 3, rules 12–20, and notes.)

With us, it is allowed to aver that a party is the owner and entitled to the possession of property, and issue is joined by the denying such ownership. But it does not follow from this that the findings must be in the terms of the issue (which is, as we have seen, a general verdict). An illustration of this is seen in *Van Slyke* v. *Hyatt,* 46

N. Y. 259–262. The complaint in this case set forth various loans of money and negotiable paper, and also a sale of merchandise made by one Covert to the defendant; that on account of said matters the defendant was indebted to Covert, and that Covert had assigned his claims to the plaintiff.

The answer denied any indebtedness to Covert or to the plaintiff. It also set up that before and at the time of the commencement of the action, Covert was indebted to the plaintiff for money lent him at his request in a sum exceeding the amount claimed in the complaint.

The plaintiff replied to this latter part of the answer by a general denial. The only findings of fact and conclusions of law by the referee were as follows:—

"As matters of fact: 1. That at the time mentioned in the complaint the defendant was not indebted to Covert in any sum whatever; 2. That the defendant is not indebted to the plaintiff, as alleged in this action.

"And as a conclusion of law, that the defendant is not indebted to the plaintiff, as alleged in this action, and is entitled to judgment against the plaintiff for his costs."

As to these findings the court said:—

"It was doubtless the right of the plaintiff to have separate findings of fact and conclusions of law inserted by the referee in his report. This right is secured by statute, and it is substantial, inasmuch as these findings and conclusions enable the unsuccessful party to determine whether or not to appeal; and in case he desires to appeal, they are indispensable to enable him to frame and serve his exceptions in due time, and to present the case in proper form for review. (*Tilman* v. *Keane*, 1 Abb. Pr., N. S., 24; *Rogers* v. *Beard*, 20 How. Pr. 282.) The decision to the contrary in *Johnson* v. *Whitlock*, 13 N. Y. 344, was based upon the then existing provisions of section 267 of the code, relating to trials by the court. But the amendment of that section, adopted in 1860, removes the foundation of that decision.

"The report should contain a sufficient statement of facts to form a basis for the conclusions of law, and substantially show the disposition made by the referee of the specific issues in the cause, or of such of them as are embraced in his determination. A mere general conclusion of indebtedness or no indebtedness is not a sufficient compliance with the provision of the code, and serves none of the purposes for which it was intended." (46 N. Y. 262, 263.)

Here, although a conclusion of law was pleaded, a finding in the same terms was held not allowable.

The practice of making such findings as were made in this case should be disallowed. It is not in accordance with the statute, and deprives parties of substantial rights on appeal. If the facts are properly found, they are before this court, and it can then determine on them whether the proper legal conclusion has been reached. This is very important to a litigant in a court of error or appeal. The correctness of the judgment of the court below cannot be determined by this court where the right as determined, and the facts on which it is based, are not set forth in the findings. In such case the right secured by statute to a litigant is ignored. In fact, he is virtually deprived of it.

For these reasons, I think the cause should be sent back to the lower court, that the facts on which the title to the house rests should be found.

McKEE, J., also dissented.