DOWNING & OTHERS, Defendants in Error, *vs.* BOURLIER, Plaintiff in Error.

1. A finding of facts which does not cover all the matters put in issue by the pleadings, is insufficient, and is a ground of reversal.

*Error to St. Louis Circuit Court.*

The case is sufficiently stated in the opinion of the court.

*J. L. Gillespie*, for plaintiff in error.

*Cline & Jamison*, for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

This action was upon a promissory note. The defendant in his answer says that the promissory note was delivered by the defendant to the plaintiffs in consideration of a sale made and delivery to be made by the plaintiffs to the defendant of a package of merchandise, consisting of certain articles of jewelry, which said package of merchandise, the said plaintiffs, though often requested, have refused and still do refuse to deliver to defendant. The answer also states that on the 5th day of October, 1854, the defendant made his certain promissory note, bearing date on the 10th of October, 1854, in which he promised two years after date to pay said plaintiffs twenty-eight hundred dollars and thirteen-hundredths of a dollar; and the defendant also on said 5th of October, 1854, drew his certain bill of exchange, commonly called a draft, bearing date the 10th of October, 1854, for twenty-six hundred and twenty-five dollars, payable to said plaintiffs, sixty days from date, which said note

and bill of exchange were delivered to and are still held and owned by said plaintiffs, and which were received by said plaintiffs as satisfaction in full of all demands had by said plaintiffs against said defendant on the 5th of October, 1854. He files a copy of receipt, the original being on file in another cause, which receipt is as follows:

"Received, St. Louis, October 5th, 1854, of Mr. P. Bourlier, one draft on A. Quenelle, Esq., at sixty days, dated October 10, 1854, for $2,625, and one note at two years, same date, for $2,800 13, the same, if accepted and endorsed by A. Quenelle, when paid, to cover all indebtedness of said Bourlier. If said A. Quenelle does not accept or endorse said note and draft, the same are to be returned to Mr. Bourlier. Mr. Bourlier does not claim the right to draw on Mr. Quenelle, but merely hopes that he may be induced to assist him in this way.

"G. R. DOWNING & Co."

The parties went to trial without a jury, and the court rendered judgment for the plaintiffs upon the following finding, viz: " The court finds that defendant, upon consideration good and valuable, executed the promissory note described and set forth in plaintiff's petition." Upon this finding, the court rendered the judgment for plaintiffs.

The defendant moved to set aside the judgment, because the court refused to grant him a continuance on account of the absence of a material witness; motion overruled; case brought here by writ of error.

1. The only question in this case is, whether the finding is sufficient or not; and if it be not sufficient, whether the defendant can, upon this record, make this a ground of reversal, not having taken the objection in any manner in the court below.

This finding does not touch the issue on the note and bill of exchange. It is not sufficient to support the judgment given by the court below. On the record in this case, material matters were put in issue, which, if found, might have entitled the defendant to the judgment. It was the duty of the court to pass upon these matters, and find them in some way, either for

or against the defendant; it will not do to pass them over in silence.

Now, wherever we see from the finding that certain facts exist, and the existence of other facts can be presumed legally, this court will presume the existence of such facts, when necessary to support a judgment. The defect in the finding, or the failure to find material matters in issue, necessary to support the judgment given below, may be assigned for error here, although the exception has not been taken below.

This court will presume that certain facts do exist, when their existence may be lawfully so presumed from the facts found by the court below, in order to support the judgment given below; that is, we do not consider the finding of the court to be subject to the same strictness and rules which have been applied to special verdicts. But when the finding below will not support the judgment, and sufficient facts are not found to raise the presumption that other facts exist by which the judgment can be supported, we must reverse — more especially, when facts are averred to exist by the pleadings which are entirely overlooked in the finding, and which must materially affect the rights of the parties.

The judgment below is reversed, and the cause remanded for further trial; the other judges concurring.