Sutter *v.* Streit.

---

SUTTER, Appellant, *vs.* STREIT, Respondent.

1. A bill of exceptions cannot be filed after the term at which the cause was tried, unless by consent.
2. The date when an account sued upon accrued is not a material averment in a petition, and is not admitted by a failure to deny it in the answer.
3. A finding must state *facts*, not the evidence.
4. A finding of facts is regarded as part of the record proper, and no bill of exceptions is necessary to preserve it.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action brought by Sutter to recover a balance of one hundred and fifty dollars, alleged to be due to him from Streit, on account of hauling staves.

The answer admitted the hauling, but alleged a settlement and satisfaction on the 13th of January, 1853.

When the case was called for trial, the plaintiff, by consent, filed a supplemental petition, merely stating, in addition to the allegations in the original, that the account sued upon accrued between the 20th of April and last of May, 1853, which was subsequent to the date of the settlement set up in the answer.

Upon this state of the pleadings, without any additional or amended answer, the case was tried by the court without a jury. The finding of facts states : " The plaintiff was introduced as a witness, sworn and testified. His testimony to the matter of indebtedness and the settlement was by no means satisfactory to the court. Upon an inspection of the pleadings, the court finds there is no date in the original petition of the time when the hauling mentioned was done by the plaintiff for the defendant. The defendant, by his answer, admits the indebtedness as charged in the original petition, and sets up payment and proves it ; but the supplemental petition alleges a time subsequent to the 13th January, 1853, (the time of the alleged settlement,) as the time when the indebtedness accrued, which is not denied by the defendant. On this state of the case, the court is of opinion that the plaintiff is entitled to recover the amount of his claim."

There was a bill of exceptions containing the evidence, which was presented to the court below on the last day of the term, but not signed until the next day, when it was filed as of the day previous.

*Hart & Jecko*, for appellant.

*S. H. Gardner*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

1. Objections being made to the bill of exceptions, it will not be noticed, as it was not filed within time, it having been signed after the term at which the cause was tried, and no consent of record appearing. The case, then, will stand upon the record proper.

2. Although there was no date to the account filed with the plaintiff's petition, it was competent for him to show, by evidence, that in point of time it was contracted subsequently to the period of the settlement stated in the defendant's answer. There was no necessity for an amended petition to do this, and the amendment filed did not vary the plaintiff's case as stated in the original petition. On the other hand, it was competent. for the defendant to show, by proof, that the items charged in the plaintiff's account were included in the settlement set up in. his answer, which was sufficiently comprehensive for that purpose, although the time of the settlement, as stated, was prior to the date of the account.

3. This cause was tried by the court sitting as a jury, and the law requires, in such cases, that a statement of the facts (not the evidence, but the facts the evidence conduces to prove) on which the judgment is founded, should be filed by the court trying the issues. This statement is the warrant for the judgment, and, upon an examination, it must appear that the judgment is sustained by it. The finding filed in this cause cannot be regarded as a compliance with the law. The only fact stated in the finding in support of the judgment is, "that his testimony, (meaning the plaintiff's, who was sworn,) as to the matter of the indebtedness and the settlement, is by no means. satisfactory." None of the facts established by the evidence are set out. On this alone is the judgment founded, if we except what the court erroneously supposed was an admission by the defendant of the plaintiff's account by his failure to answer. an amended petition, which did not vary the plaintiff's case in point of law, and which was fully met by the answer first filed,

as has been before stated. If the plaintiff's cause of action was unanswered, then there was no issue for the court to try. Why was not the default, for want of an answer noted, and the damages assessed? The record shows that the defendant must have been surprised, as he was permitted on the pleadings to go into trial, supposing the fact in controversy was in issue, and was afterwards told that the plaintiff's cause of action was admitted by the state of the pleadings.

4. Whenever the record proper in a cause is brought to this court by appeal or writ of error, this court will look into it, to see that the judgment rendered is warranted by law. Under the present practice, the statement of the facts found by the court, and required to be filed in the cause, is regarded as a part of the record proper, and no bill of exceptions is required to preserve it.

We are of the opinion that the record discloses a state of facts which requires the reversal of the judgment. The parties now fully understand each other, and their pleadings should be so amended as to present, beyond all cavil, the only fact in dispute between them, whether the items in the last account were included in any settlement between them.

The judgment is reversed, and the cause remanded; the other judges concurring.