BAILEY, Plaintiff in Error, v. WILSON, Defendant in Error.

1. In cases tried by the court under the practice act of 1849, there should be a finding of the facts.
2. The following is not a sufficient finding of the facts, in an action of ejectment, within the meaning of the practice act of 1849: "This cause being submitted to the court for trial, the court finds that said defendant is not guilty of unlawfully withholding from said plaintiff the possession of the premises in the petition mentioned in manner and form as therein stated; it is therefore considered by the court," &c.

*Error to St. Charles Circuit Court.*

*Broadhead,* for plaintiff in error.

I. The court should have found the facts as required by the practice act of 1849. (15 Mo. 400; 17 Mo. 550; 19 Mo. 122; 20 Mo. 132; 24 Mo. 51; 26 Mo. 166, 494; 27 Mo. 418.)

*Wells & E. A. Lewis,* for defendant in error.

I. The finding conforms to the petition. The only allegation in the petition in issue was "found" by the court in the very language in which it is stated in the petition. If the fact is correctly stated in the petition, the same fact is correctly found by the court. The word "facts" in the second section of the sixth article has the same signification as it has in the second section of the fifteenth article. The court is not bound to find more facts than the plaintiff is bound to allege. If the facts stated in the petition, when found to be true, are sufficient to entitle the plaintiff to recover, then those same facts, being all in issue, are, when found not to be true, sufficient to entitle the defendant to a judgment. If the facts are not sufficiently stated in the petition, the judgment is for the right party and should not be disturbed. They are not sufficiently stated. The plaintiff alleges that on a certain day he "was entitled to the possession of the premises." This is not simply a fact. It involves all the facts as well as

the law on which his right to recover depends. No case can be found in which a judgment for the defendant has been reversed for want of a sufficient finding.

NAPTON, Judge, delivered the opinion of the court.

This case was tried by the court under the practice act of 1849, and there was no finding of facts. The entry upon the record is: " This cause being submitted to the court for trial, the court finds that said defendant is not guilty of unlawfully withholding from said plaintiff the possession of the premises in the petition mentioned, in manner and form as therein alleged. It is therefore considered by the court," &c.

We understand this is a mere verdict of " not guilty" in an action of trespass in ejectment, and no more constitutes such a finding of facts as was contemplated by the practice act than if the court had found simply " for the defendant." The statute says : " Upon a trial of a question of fact by the court, its decision shall be given in writing and filed with the clerk. In giving the decision, the facts shall first be stated and the conclusions of law upon them." The object of the act was manifestly to enable parties to make a case for the revision of this court, in which the facts and law would separately appear, without requiring instructions and bills of exceptions. This purpose would be entirely defeated if the verdict of the court merely affirms or negatives the allegations of the petition or answer.

It is urged in this case that, as the verdict was for the defendant, the practice heretofore prevailing in this court, to send the case back for a finding, is inapplicable and inappropriate. But we can not see any ground for such a discrimination.

Judge Ewing concurring, judgment reversed and cause remanded. Judge Scott absent.