GEORGE W. NORTON, Appellant, *v.* JOHN C. BULL, Respondent.

1. *Agency — Evidence — Authority to receive lands on behalf of a bank in payment of debts, how shown.*—The authority of an attorney in fact of a bank to receive lands in satisfaction of drafts held by the bank, may be shown, without proof of his appointment, by a resolution or by-law of the board of directors. It may be inferred from the acts and conduct of the parties? And where the subsequent holder of the drafts accepted a transfer of the lands given in satisfaction thereof, and sold the lands under judicial proceedings against a prior indorser, to foreclose his right to redeem them, and received the proceeds of the sale, such acts are amply sufficient to show a ratification by the holder of the authority of the agent. And he cannot repudiate such an agreement between the drawer and the agent of the bank, even when made without his full knowledge and consent, and bring suit against the drawer for the remainder of the drafts unsatisfied by the sale of the lands, unless the drawer be placed in as good a situation as when the lots were conveyed to the agent.

*Appeal from St. Louis Circuit Court.*

*Beal*, for appellant.

*Cline, Jamison & Day*, for respondent.

BAKER, Judge, delivered the opinion of the court.

This is a suit to enforce the collection of two bills of exchange drawn by John C. Bull & Co., a firm of which the defendant was a member, on Dix and Ranlett, at New Orleans, in favor of J. L.

Blane.   These drafts, and two others of like amount, were drawn, accepted, and indorsed, for the accommodation of the drawers, and were delivered to the Southern Bank of Kentucky in payment of $5,000 then due from them to the bank.   The defendant claims that he paid all of the drafts by conveying three lots in the city of St. Louis to J. B. Alexander, in trust for the bank ; that he had full authority to receive payment in that kind of property, and did receive the lots in full satisfaction of the drafts.   The lots were, on the 30th day of July, 1860, conveyed to Alexander, who, on the same day, executed to Ranlett, one of the acceptors, an obligation in writing binding himself to convey the lots to said Ranlett on the payment of the four drafts at maturity.   Two of them have since been paid by him.   Those sued on were not paid by him, and were duly protested for non-payment.   They were indorsed by the bank to the plaintiff after maturity.   Alexander conveyed the lots to the plaintiff after he became the owner of the drafts, and he instituted a suit against Ranlett, in the Circuit Court of St. Louis county, to foreclose his right to redeem them, and obtained a judgment upon which they were sold for the sum of $2,675, which was applied in payment of the drafts sued on in this case.   It is clear, from the testimony, that Alexander took the lots in payment of all the drafts, so far as Bull was concerned, and that the latter was discharged from all liability thereon.   If Alexander had authority to act in the premises, or if his acts were afterward ratified, they are binding on the plaintiff.   As Dix and Ranlett were primarily liable on the drafts, they had a direct interest in having some arrangements made with Bull & Co., who were then in failing circumstances, and it was probably understood between them and Alexander that their liability should continue.

The appellant, who was the plaintiff in the court below, insists that the court erred in permitting evidence to go to the jury of the acts and declarations of Alexander in the premises, for the reason that there was no proof that he was authorized to take the lots in payment of the drafts.   It is urged that, as he assumed to act as an attorney of the bank, his authority must be in writing and be produced, and that a corporation can only act through agents appointed by its board of directors, by a resolution or by-

law. Whether the authority of an attorney in fact should be in writing or not, or whether an agent for a corporation can be appointed only by the board of directors, it is not necessary now to determine. The existence of such authority may be inferred from the acts and conduct of the parties. The question is not how the appointment was made or the authority given, but, are the circumstances such as to warrant the jury in finding that Alexander had proper authority to do what he did. The appointment of agents and attorneys by corporations, and the extent of their authority, may be established by circumstances. (14 Johns. 118 ; 4 Cowen, 645 ; 21 Wend. 296.) We think there was sufficient evidence of authority in Alexander to justify the court in submitting that question to the jury. On the 31st day of October, 1859, Bull & Co. informed the bank, by letter, that they had made a deed of assignment of a large amount of real property in St. Louis county to Lackland and Robinson, as trustees, for the benefit of their creditors, the bank being included. On the 2d day of November following, the cashier replied, " Your letter of the 31st was received and laid before our board, and the whole matter is referred to the decision of J. B. Alexander, Esq. If he thinks best, he will accede to your proposition, or make some other arrangements with you." Under the authority here referred to, Alexander gave the extension asked for, in the month of January, 1860, and took the four drafts above mentioned. On the 7th day of July following, two composition deeds were made and signed by all the creditors of Bull & Co. Alexander signed them for the bank. By these instruments the creditors agreed that the trustees named in the deed of trust made by the defendant to them should have authority to sell any of the property described in said deed of trust, to any of the creditors, at the price then stated in a schedule affixed to the composition deeds. If these instruments had been executed at the time the drafts were received by Alexander, there could be no question but that the authority referred to in the letter of the cashier would have been sufficient to authorize him to sign them for the bank. His confidential relations with the bank, his having been its cashier, and his having acted as its agent in the purchase of bills, the conveyance of the lots to the plaintiff, and their sale

by him, and the other circumstances, are sufficient to warrant a jury in finding that the authority of the bank had been continued up to the time the lots were conveyed to Alexander by the trustees, in pursuance of a purchase made by him for the bank, under the authority of the composition deeds, and formed a sufficient basis to admit the evidence of his acts and declarations as the agent or attorney of the bank.

The lots were conveyed by Alexander to the plaintiff since he became the holder of the drafts, and he has had them sold, by a judicial proceeding against Ranlett, and has received the purchase money. Having received all the benefits of the transaction, he cannot avoid the charges and duties imposed by it. It cannot be doubted that these acts are amply sufficient to show a ratification.

But it is contended that these acts were done in ignorance of the full nature of the transaction with Alexander. It is undoubtedly true that a ratification, to be valid, must be made with a full knowledge of the transaction. But the plaintiff cannot repudiate his ratification without restoring the defendant to as good a situation as he was in when the lots were conveyed to Alexander. It would be most unjust for him to retain the fruits of the transaction and not abide by it himself. If the defendant cannot be placed in *statu quo*, it would be more reasonable and equitable to hold the plaintiff to an agreement which he may have ignorantly ratified, than that the defendant, who was acting in good faith, should be subject to a loss or injury. (6 Wis. 175; 23 Verm. 565; 19 Pick. 300; 1 Comst. 447.)

The points we have considered dispose of the theory on which the plaintiff based his instructions to the jury, and render it unnecessary to discuss them now. They were properly refused by the court. Those given fairly presented the case to the jury.

The judgment of the court below is affirmed. The other judges concur.