ISAIAH NICHOLS, Appellant, v. T. C. CARTER, Respondent.

Kansas City Court of Appeals, April 4 and 25, 1892.

1. **Practice, Trial:** CONCLUSIONS OF LAW AND FACT: STATUTE: APPELLATE PRACTICE. Section 2135, Revised Statutes, 1889, is practically the same as section 2 in the practice act of 1849; and makes it the duty of the court, at the request of either party to state in

Nichols v. Carter.

writing its finding of facts and conclusions of law thereon separately, which become a part of the record proper, and, if the finding of facts does not support the judgment, the appellate court will reverse for error apparent on the record; such finding of facts is a substitute for a special verdict, though not so critically considered, and facts will only be presumed when they can be legally presumed from the facts found.

2. ———:———: OBJECT OF STATUTE: EFFECT ON APPELLATE PRACTICE. The object of the statute in reference to the court's conclusions of law and fact is to permit parties to make a case for the revision of the appellate court in which the facts and the law appear separately without instructions or bills of exceptions, but, in order to attack the finding of facts, the evidence must be preserved in a bill of exceptions.

3. ———:———: INSTRUCTIONS. · Under the statute relating to the court's finding separate conclusions of fact and law, the court must declare the conclusions of law, on the facts found only, and such conclusions do not fully take the place of instructions, and the court need not state hypothetical states of fact. and the law thereon, after the manner of instructions.

4. Practice, Appellate: CONCLUSIONS OF LAW AND FACT: EVIDENCE SUPPORTING SAME. With the propriety of the finding of facts by the trial court, so long as they have testimony tending to support them, the appellate court has nothing to do.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*William W. Wood,* for appellant.

The paper purporting to be a finding of facts separate from the conclusions of law wholly fails to comply with the statutes. Revised Statutes, 1889, section 2135, contemplate that the court shall state its conclusions of law as well as fact. The conclusions of law are intended to answer the place of instructions to a jury. *Railroad v. Johnson,* 10 Ohio St. 591, 595; *Major v. Major,* 2 Kan. 337; *Lacy v. Dunn,* 5 Kan. 567; *Briggs v. Eggan,* 17 Kan. 589; *Everet v. Lusk,*

19 Kan. 195; *Building Ass'n v. Thompson*, 19 Kan. 321; *Railroad v. Ferry*, 28 Kan. 686; *Russell v. Arwarder*, 2 Cal. 405; *Hoogland v. Clark*, 2 Cal. 474. Here no conclusions of law were stated, and it is impossible to determine upon what theory the court tried the case. As to whether the court tried the case upon the theory that plaintiff was bound to prove that his influence and exertions were the sole moving power that induced the compromise and judgment, or whether it was only necessary for him to show that he used his best endeavors to that end, we are left wholly in the dark, thus failing to declare his position on the vital and controlling point in the case.

*O. L. Houts*, for respondent.

(1) The court sitting as a jury found as facts that plaintiff failed to find any additional evidence in case of *Doran v. Barrett*, and that he did not influence the defendant in that cause to make settlement, and that he did not secure the judgment rendered therein; but that the settlement and judgment were procured by other influences than the exertions of plaintiff Nichols. This being an action at law, this finding is as the verdict of a jury, and will not be set aside, although it might appear to the appellate court to be against the weight of the evidence. *Walton v. Railroad*, 40 Mo. App. 544. This is true when the evidence *in hæc verba* is presented by the appellant in his abstract, but where, as in this case, appellant fails to present all the evidence in his abstract, the appellate court cannot and will not attempt to determine as to the weight of the evidence, and the finding will be taken as conclusive. *Nichols v. Nichols*, 39 Mo. App. 291; *Bank v. Davidson*, 40 Mo. App. 421; *Calvert v. Bates*, 44 Mo. App. 626. (2) The special finding of the court is sufficient. It found facts against plaintiff that barred his recovery,

and entered judgment against him, which was the sentence or conclusion of law upon the facts found, and a sufficient statement of that law.

ELLISON, J.—This action is based on a contract whereby plaintiff undertook to effect a compromise of certain litigation then pending in the circuit court of Henry county. The trial was before the court, without a jury, resulting in a judgment for defendant. The principal point made by plaintiff is with reference to the finding of the facts and the conclusions of law therefrom, as determined by the court. The statute on this subject was adopted in Acts, 1849, page 90. It was dropped out of the revision of 1855 and revived in 1889. The act of 1849 read as follows:

" Sec. 2.   Upon a trial of a question of fact by the court, its decision shall be given in writing and filed with the clerk. In giving the decision, the facts shall be first stated, and then the conclusion of law upon them. Judgment upon the decision shall be entered accordingly."

The present statute of 1889 is as follows:

"Sec. 2135.   Upon the trial of a question of fact by the court, it shall not be necessary for the court to state its finding, except generally, unless one of the parties thereto request it with a view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Under this statute the duty of the court (when the parties so request) is practically the same as in 1849. It is the duty of the court, at the request of either party, to state, in writing, its findings of fact and conclusions of law thereon separately. *Griffith v. Construction Co.*, 46 Mo. App. 539; *Major v. Major*, 2 Kan.

Nichols v. Carter.

337; *Railroad v. Johnson*, 16 Ohio St. 591; *Railroad v. Ferry*, 28 Kan. 686; *Russell v. Arwarder*, 2 Cal. 305.

This written statement of conclusions of fact and law becomes a part of the record proper, and, if the finding of facts does not support the judgment based thereon, we will reverse the judgment for error apparent on the record (*Sutter v. Streit*, 21 Mo. 157; *Allison v. Darton*, 24 Mo. 343); though no exception be taken. *Downing v. Boulier*, 21 Mo. 149. The finding of facts is a substitute for a special verdict (*Bates v. Bower*, 17 Mo. 550; *Farrar v. Lyon*, 19 Mo. 123), though it is not considered so critically as is a special verdict. *Downing v. Boulier, supra*. Facts will be presumed when their existence may *legally be presumed from* the facts found by the court. Otherwise, the presumption will not be made. *St. Louis Bldg. Ass'n v. Williams*, 19 Mo. 612. The object of the statute is to permit parties to make a case for the revision of an appellate court, in which the facts and law would appear separately, without requiring instructions or bills of exceptions. *Bailey v. Wilson*, 29 Mo. 21. This must mean, at least as applied to our present practice act, that the complaining party concedes there was evidence tending to support the finding. For, if that is not conceded, and the finding is attacked as not having evidence to support it, such evidence must be preserved by bill of exceptions. So, if the finding of facts is attacked as not embracing all the issues of fact, that should also be made to appear by a bill preserving the evidence; as, frequently, issues made by the pleadings are not contested or afterwards referred to; and, when the court omits, in the finding of facts, issues made by the pleading, it should be presumed that no such issues were made by evidence. In this case there is a bill of exceptions, and we will pass upon the points preserved.

The court did make a separate finding of facts,

and upon those facts entered judgment for the defendants. The facts, as found, only made it necessary to pronounce the legal result following those facts, and that was done in the judgment entered. In this case a single conclusion of law resulted from the facts found; and a single conclusion was all which it was necessary to state. It is not contemplated by the statute that the trial judge shall give his reasons for his conclusion, but merely to state what that conclusion is.

It is urged, in support of the contention, that the conclusion of law found by the court did not cover all the legal questions in the case; that such conclusions take the place of declarations of law. This is only partly correct. The court must state the conclusion of law on the *facts found only*. No more than this was meant in *Bailey v. Wilson, supra*. It is not the duty of the court to state what would have been its conclusion of law if certain other facts had been found. The court need not state hypothetical states of fact and the law thereon, after the manner of instructions.

We do not find that the record discloses that the trial court tried the case upon the theory that plaintiff's efforts must have been the sole cause of the compromise. In our judgment, the court drew the proper conclusion of law from the facts found. Our interpretation of the contract is that, to entitle plaintiff to recover, the compromise must have been the result of his effort, though not necessarily solely from his effort. The facts disclosed by the finding show that his effort did not contribute to the result. With the propriety of finding these facts, so long as they have testimony tending to support them, we have nothing to do. A careful examination of the record discloses to us that we would not be justified in disturbing the finding on the evidence, under the rule of law governing appellate courts. We find no substantial error in the objections made, and, therefore, affirm the judgment. All concur.