JOHN FAHY, Respondent, v. SPRINGFIELD GROCER COMPANY, Appellants.

St. Louis Court of Appeals, March 5, 1894.

1. **Practice, Trial**: SPECIAL FINDINGS OF FACT. *Semble* that, when the trial court proceeds to make special findings of fact under section 2135 of the Revised Statutes, its findings must embrace all constitutive facts, except such as are admitted by the pleadings, or about which there was no controversy at the trial.

2. **Principal and Agent**: ACCEPTANCE BY PRINCIPAL OF FRUITS OF CONTRACT: PLEADING. A principal can not accept and appropriate the fruits and benefits of a contract made on his behalf by his agent, and then controvert the authority of the agent to bind him by the agreement; nor need a consequent estoppel or ratification be specially pleaded in an action against the principal on the contract.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*Sebree & Tatlow* for appellant.

*Goode & Cravens* for respondent.

BIGGS, J.—The plaintiff's petition alleges, in substance, that in August, 1890, the defendant purchased

of one J. E. Woods a stock of merchandise for which it agreed to pay the sum of $800, of which the sum of about $200 was to go in satisfaction of a debt due from Woods to the defendant; that the defendant was to pay certain other debts due from Woods to M. Steineger and the Kelton Stove Company, amounting to about $280 or $290; and that whatever remained of the purchase money was to be paid by the defendant to such other creditors as Woods might direct. Plaintiff then averred that in January, 1891, the defendant was still owing Woods on account of the purchase about $400; that Woods assigned the demand to the plaintiff, and that the defendant had failed and refused to pay the amount, although the plaintiff had requested it to do so. The answer was a general denial.

The cause was submitted to the court sitting as a jury, and at the close of the evidence the court, at the request of the defendant, made the following findings of fact, to wit: "The court finds that in August, 1890, J. E. Woods was running a general merchandise store at Norwood, Wright county, Missouri; that said Woods was indebted to the Springfield Grocer Company in the sum of about $180; that he was indebted to M. Steineger in the sum of $92; that he was indebted to the Kelton Stove Company in the sum of $180, and to the plaintiff in the sum of $238; that he was indebted to certain other persons, among whom were Rothschild & Company, and Burnham, Hanna, Munger & Company; that Francis M. Wolfe was the agent and general collector for the defendant, and that he called upon the said Woods to secure the claim of the defendant. That said Woods sold to the defendant through their agent, Wolf, the stock of goods at Norwood for $800; that the payments were to be applied, first, to defendant's claim; next, to the claim of the Kelton Stove Company; next, to the claim of M. Stein-

eger, and the remainder to be paid upon the order of said Woods, or to whomsoever he might direct. The court further finds that McCann accepted the goods after he had seen the bill of sale; but the court further finds that the said Wolf reported to and told said McCann, at the time of delivering to him the bill of sale, that the company was to take charge of the stock of goods and sell it, and apply the proceeds, first, to the settlement of the Springfield Grocer Company's account against Woods, and next to the settlement of the account of Rothschild & Co., and next to the account of M. Steineger, and next, if any surplus remained, to the account of W. C. Kelton Stove Company; and the court further finds that said Wolf informed said McCann that the recital of the eight hundred dollars ($800) consideration in the bill of sale was formal, and merely the recital of the consideration and not intended as a statement of the purchase price. And the court further finds that upon this understanding the said McCann accepted the goods, believing the contract and agreement to be as reported and told to him by said Wolfe as aforesaid, and not as formally expressed in the bill of sale."

To these findings of facts the defendant at the time objected and excepted, and it still excepts. The defendant asked the court to declare that, under the law and the evidence, the issues should be found for it. This the court refused to do, and the defendant excepted. Thereupon the court rendered a judgment against the defendant for $320.

When an action at law is tried without a jury it is made the duty of the trial judge, whenever either party requests it, to make special findings of facts. R. S. 1889, sec. 2135. This is a new section. A similar law was enacted in 1849, except that it was there made the absolute duty of the judge to make such

findings, whether requested to do so or not. In the revision of 1855 this law was repealed. In construing the law of 1849, the supreme court held that the findings must embrace all constitutive facts, except such as were admitted by the pleadings, or about which there was no controversy on the trial. *Carlisle's Adm'r v. Mulhern*, 19 Mo. 56; *Farrar v. Lyon*, 19 Mo. 222; *Murdock v. Finney*, 21 Mo. 138; *Downing v. Bourlier*, 21 Mo. 149; *Sutter v. Streit*, 21 Mo. 157.

In the present case all facts necessary to the plaintiff's recovery were either found by the court, or were not matters of dispute on the trial. The only objections urged against the finding is, that there was no substantial evidence that Wolf was the "agent and general collector" for the defendant. This contention is not supported by the record. Mr. McCann, the general manager of the defendant, testified that Wolf was the general collector for the company. He admitted that Wolf had authority to accept security for debts, or to take property in payment, but he denied that, in the adjustment of a claim, he had any authority to bind the company for the payment of money. The finding that Wolf was the general collector for the company is not, as argued by the defendant, a finding that in the settlement of a claim he had authority to contract for more goods or property than were necessary for the payment of a claim, and thus bind the defendant for the payment of money. Under the pleadings and evidence such a deduction was not necessary to the judgment.

At the time of the purchase Wolf demanded and accepted a bill of sale, in which it was expressly and unconditionally stipulated that the defendant should pay Woods $800 for the goods. The writing contained no conditions whatever. The defendant objected to the introduction of evidence that prior to the acceptance

of the goods by defendant its manager knew of the terms of the bill of sale, and that the goods were thereafter received and appropriated, for the reason that ratification by the defendant of the unauthorized act of Wolf was not pleaded. The chief argument of counsel for defendant is directed to this objection, which we think is without merit. The petition alleged a sale of the goods by Woods to the defendant. The defendant denied this. The terms of the bill of sale were conceded, and McCann admitted that he read the paper before he accepted the goods. Under this admission the defendant was estopped from denying the terms of the written contract, or that Wolf had authority to make it, unless it could show that it accepted the goods under other conditions of which Woods was advised and to which he assented. This is upon the theory, that a principal can not accept and appropriate the fruits and benefits of a contract made by his agent, and then controvert the authority of the agent to bind him by the agreement. *Ruggles v. The County of Washington*, 3 Mo. 496; *Davis v. Krum*, 12 Mo. App. 279; *Norton v. Bull*, 43 Mo. 113; *Watson v. Bigelow*, 47 Mo. 413; Mechem on Agency, sec. 148. It was not necessary for the plaintiff to set forth in his petition the acceptance and appropriation of the goods by the defendant, for he could not be charged with notice that the defendant would rest its defense on the want of authority in Wolf to bind it in the purchase. That would have been anticipating a defense which might never be made, and which under the law and the facts in this case could not have been successfully maintained.

The defendant undertook to relieve itself from liability by showing that Wolf represented to its manager that the bill of sale was a matter of form, and that the actual agreement was that the defendant was to sell the goods to the best advantage, and that, after paying

the expenses of sale and its own claim, the balance of the proceeds was to be paid to certain other creditors. The evidence leaves no doubt that Wolf so represented, and that the defendant acted on such representations, believing that the bill of sale did not truly represent the agreement. But there is no evidence that Woods was advised of the representations. Under these circumstances the defendant took the risk of the truthfulness of Wolf's statements. The court found in opposition to them. Therefore, if the defendant was misled to its prejudice, the loss must be borne by it and not by the plaintiff.

As the evidence supported the findings of the court in other respects, the judgment must be affirmed. All the judges concur.