P. C. MACKEY, Appellant, v. S. F. MAYES, Administrator of Estate of ELIZABETH J. WELLS, Deceased, Respondent.

St. Louis Court of Appeals, February 1, 1898.

1. **Promissory Note**: FINDING: EVIDENCE: SUFFICIENCY. The evidence in this cause is reviewed by the court, and held that the finding of the circuit court that the note had been paid was supported by the evidence.

2. ————: ISSUES: FINDING: LIMITATION: EVIDENCE. It was not necessary that the court should find all of the issues; the finding that the note sued on had been paid was sufficient to authorize the judgment. Moreover the judgment was supported by the further finding that the claim was barred by the ten year statute of limitation, which was warranted by the evidence.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Clark & Dempsey* and *J. D. Hostetter* for appellant.

The court erred in failing to make a finding as requested, or else its finding on every other issue in the case was in favor of plaintiff, leaving only its finding that the note was paid to be reviewed by this court. R. S. 1889, sec. 2135.

The general statute of limitation could not have entered as an element in the finding of the court, as it was the duty of defendant, had he wished to rely on

that as a defense, to have interposed it by oral plea, if in no more substantial way, and having failed to do so, he will be held to have waived it.

*Fagg & Ball* for respondent.

BIGGS, J.—The plaintiff presented a note to the probate court for allowance against the estate of Elizabeth J. Wells, deceased. The note is as follows:

"$300.00.                          June 6th, 1877.

"One day after date we promise to pay to the order of James R. Wells, guardian of ——— Duncan, three hundred dollars, for value received, negotiable and payable, without defalcation or discount and with interest from date at the rate of ten per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest.

"CHARLES WELLS.
"ELIZABETH J. WELLS."

With the following indorsements on the back of note:

"For value received I assign the within note to P. C. Mackey.         "JAMES R. WELLS.

"I hereby waive notice on the within claim this, the 22nd day of February, 1896.

"C. F. MAYES,
"Admr. of estate of E. J. Wells.

"Credit:   March 18th, 1886, by twenty-five dollars."

On the nineteenth day of February, 1897, the probate court allowed the claim. The administrator of the estate appealed to the circuit court, where on a trial before the court the finding was against the plaintiff and the judgment of allowance by the probate court was set aside. The plaintiff has appealed.

At the conclusion of the evidence the appellant requested the circuit court to make special findings of the facts. (R. S. 1889, sec. 2135.) In PROMISSORY note: finding: evidence: sufficiency. compliance with this request the court found that the note had been paid. The complaint is that this finding is not supported by the evidence. To this we can not agree.

There was evidence tending to prove the following facts and circumstances: James R. and Charles Wells are brothers. The deceased was their sister. She signed the note as surety. After the execution of the note and for several years prior to the fall of 1886, James R. and Charles were partners in the live stock business. During that time each one borrowed on his individual account a great deal of money. The note in controversy was given for money belonging to a ward of James R. In 1884 he made a final settlement with his ward. In the fall of 1886 James R. and Charles became insolvent and they conveyed their property in trust for the benefit of some of their creditors. For many years previous James R. had been hard pressed for money. In the deed of trust made by him he secured an indebtedness of $3,843.76 due from him to Elizabeth J., which indebtedness had been due for several years and was drawing interest. The great bulk of it was owing in 1884 at the time James R. made a final settlement with his ward.

The date of the alleged assignment of the note to appellant is not definitely proved. James R. was permitted to testify as to this. He stated that the appellant was his son-in-law, and that the transfer of the note was made just prior to his (Wells') failure. As to the consideration of the assignment his testimony is not satisfactory. After the failure the nonpreferred creditors of James R. undertook to set aside the

preferences which he had made. His testimony was taken in that litigation, and he testified that the only property that he had transferred to Mackey (appellant) prior to his failure was a house and lot in the city of Clarksville. From 1877 up to the date of her death in 1895, Elizabeth J. was perfectly solvent and engaged in loaning money. After the date of the alleged transfer of the note to appellant, to wit, July 27, 1891, he borrowed $300 from the deceased and upon which he paid her interest for several years. He also during the time borrowed largely of others, which indebtedness was outstanding at or just prior to the death of Elizabeth J. There was no evidence that the note had been presented to the deceased for payment, or that she had any knowledge of its nonpayment. These facts and circumstances furnished substantial evidence that the note had been paid, although James R. and Charles testified to the contrary.

This conclusion is justified by the mere statement of the facts. No argument is needed. The finding may be opposed to the weight of the evidence, but with that question we have no concern.

It is now urged that the circuit court failed to find all of the issues. This was unnecessary. The finding that the note had been paid authorized the judgment, regardless of other questions. *Nichols v. Carter*, 49 Mo. App. 401; *Vette v. La Barge*, 64 Mo. App. *loc. cit.* 185. Hence the appellant has no ground of complaint. It may be added, however, in support of the judgment that the evidence warranted the further finding that the claim was barred by the ten year statute of limitations. The alleged date of the payment is of March 18, 1886. There is evidence tending to prove that the payment (if made at all) was made as early as 1884. If so,

*Issues: finding: limitation: evidence.*

then the statute had fully run against the note prior to the death of the deceased.

Finding no error in the record, the judgment of the court will be affirmed. It is so ordered. All concur.