J. W. FREEMAN, Respondent, v. S. O. HEMENWAY et al., Appellants.

| 75 | 617 |
|----|-----|
| 87 | 225 |
| 75 | 617 |
| 96 | ¹156 |

Kansas City Court of Appeals, May 16, 1898.

1. **Appellate Practice:** FINDING OF FACTS: EXCEPTION: RECORD PROPER. A finding of facts by the trial court may be reviewed on appeal for the failure of evidence or the omission of issues, but exceptions must be preserved for that purpose; however, such finding is a part of the record proper and the appellate court without exception saved may determine if the findings support the conclusions of law.

2. **Conversion:** FACTS. The finding of facts in this case justifies the finding of law that the defendants were guilty of conversion.

*Appeal from the Jasper Circuit Court.*—Hon. J. D. Perkins, Judge.

. Affirmed.

### STATEMENT BY ELLISON, J.

The following is the finding of facts made by the court:

"That on the 23d day of February, 1892, the plaintiff herein was the owner and in possession of the engine, boiler and jig-tank mentioned in plaintiff's petition, to the value of $425; that the engine and boiler were of the value of $400, and the jig-tank of the value of $25; that said property was then upon lots Nos. 28 and 29 on the Empire Zinc Co.'s land; that on said 23d day of February, 1892, the defendants herein caused said Freeman to be arrested and taken away from said lots and property, and that immediately after his arrest, the defendant S. O. Hemenway, acting for himself and his codefendants herein, against the protest of the said J. W. Freeman, wrongfully took possession of said engine, boiler and jig-tank, and used the same and converted the same to their own use; that said engine, boiler and jig-tank were then and there the individual property of plaintiff, J. W. Freeman, and had been placed on said lots by plaintiff, under a contract with George S. Diveley, for the purpose of mining said lots; the agreement between Diveley and plaintiff being that for the use of the engine, boiler and jig-tank, the said George S. Diveley traded plaintiff an undivided one fourth interest in said mining lots, and that prior to said 23d day of February, 1892, and up to February 20th, 1892, the said Diveley and plaintiff and others were engaged in mining said lots as partners under the firm name of

Diveley & Company, but that Diveley & Company had no ownership in the said engine, boiler and jig-tank; that on said 20th day of February, 1892, the said George S. Diveley sold said mining lots and all of the machinery and property thereon, to the defendants herein and that on the said 23rd day of February, 1892, at the time they took possession of plaintiff's said engine, boiler and jig-tank they also took possession of said mining lots and machinery thereon and excluded plaintiff therefrom and denied that he had any right or interest in said lots and other machinery thereon; that after defendants had used plaintiff's said engine and boiler for some days they moved the same out of the building in which the same was located, when they took possession thereof, and placed said engine and boiler outside of said building on the mining lots in possession of defendants, where said engine and boiler remained for some time, and until the said mining lots caved in and let the engine and boiler down into the ground and they were lost to plaintiff; that after defendant moved said engine and boiler out of the building onto said vacant lot as aforesaid, and after the institution of this suit, they left word at plaintiff's place of business with one of his employees that the said engine and boiler was at his (plaintiff's) disposal, but that Freeman never re-took possession of said property, which remained on said lots until it was lost as aforesaid; the court also finds that plaintiff did not rent said engine and boiler to defendants.

"From the foregoing facts the court declares the law to be that the plaintiff is entitled to recover of and from the defendants the value of said engine, boiler and jig-tank, to wit, the sum of $425, together with interest thereon at the rate of 6 per cent per annum from February 29th, 1892, the date of the institution of

this suit amounting to the sum of five hundred and fifty-one dollars and eighty cents ($551.80)."

CUNNINGHAM & DOLAN for appellants.

(1) The property alleged to have been converted by appellants was bulky machinery on the premises of the appellants, and attached by belts and gearing to the property of appellants. There was no taking of the property by appellants. Respondent was not prevented by appellants from taking it, he did not even demand it, and when notified to take it away a few days after the alleged conversion, when the property was in its original condition, he refused to take it away; as to these facts there is no controversy. They clearly show that there was no conversion. Dorwin v. Gage, 10 N. H. 302; Poor v. Dankham, 102 Mass. 309; Foulds v. Willoughby, 8 M. & W. 540; Tucker v. R'y, 39 Conn. 447; Van Valkenberg v. Thayer, 57 Barb. 196; Neimetz v. St. Louis Agr. & Mec. Ass'n, 5 Mo. App. 59; Sparks v. Purdy, 11 Mo. 219; 2 Hilliard on Torts [4 Ed.], pp. 50, 51.

CLARK CRAYCROFT and J. W. McANTIRE for respondent.

The appellants wrongfully took the possession of the mine and machinery. After they had knowledge that Freeman was the owner of the engine, boiler and jig-tank, and while he was in lawful possession they took possession of it against Freeman's protest. They used it against Freeman's protest and never returned it to him. Hence they are liable for conversion. Norman v. Horn, 36 Mo. App. 419; Warnick v. Baker, 42 Mo. App. 435; McLachlin v. Barker, 64 Mo. App. 511–521; Construction Co. v. R'y, 71 Mo. App. 626;

Sparks v. Purdes, 11 Mo. 219; Sheumann v. Com. Paper Co., 21 Mo. 231; Williams v. Wall, 60 Mo. 318; Ireland v. Horseman, 65 Mo. 511; Allen v. McMonogle, 77 Mo. 478; Dixon v. Elevator Co., 44 Mo. App. 498; Machine Co. v. Betting, 46 Mo. App. 417; Baker v. R'y, 52 Mo. App. 602; Lease v. Michell, 53 Mo. App. 563.

ELLISON, J.—This action is for the conversion of certain mining machinery by defendants. The judgment below was for plaintiff for the value of the property.

At defendants' request the court made a special finding of facts with conclusion of law thereon as provided by section 2135, Revised Statutes 1889. The correctness of the finding of facts may be assailed in the appellate court on the ground of there being no evidence to support it, or that it does not include all the issues, if the evidence is preserved by bill of exceptions. Nichols v. Carter, 49 Mo. App. 401. But we understand from a recent ruling of the supreme court, in order to assail such finding, exception must be taken and preserved by the objecting party. Loewen v. Forsee, 137 Mo. 38. Defendants failed to save any exception to the finding or conclusion of law and hence we can not look into the evidence to ascertain whether it was a proper or complete finding on the issues.

But the finding of facts and conclusions of law thereon *become a part of the record proper*, and we will examine into them to see if the findings support the conclusion, although no exception is taken. Nichols v. Carter, *supra*.

After an examination of the finding of facts as made by the court (set out at another place) we have no doubt it justified the conclusion of law pronounced that defendants were guilty of a conversion of plaintiff's

property of the value and to the damage of plaintiff as pronounced by the court.

The result is that we affirm the judgment. All concur.